CASE 82.—PROSECUTION AGAINST TOM NUNAN FOR UN-
    LAWFULLY SELLING DOMESTIC BEER WITHOUT
    A LICENSE.—October 15.

## Commonwealth v. Nunan

Appeal from Clark Circuit Court.

J. M. Benton, Circuit Judge.

From a judgment dismissing the information the Commonwealth appeals.   Reversed.

1.  Statutes—Rules of Construction—Purpose of Act—If a reason can be discovered for a particular construction of a statute, especially of a revenue statute, which construction would deprive the treasury of revenue, such construction will be discarded in favor of one that will apply uniformly to all persons engaged in the same calling, and so as to raise revenue.

2.  Intoxicating  Liquors—Licenses—Statutory  Provisions—Construction of Act.—Acts 1906, p. 193, chapter 22, subdivision 4, requiring licenses from wholesale liquor dealers, provides that "For each agency in this state established by resident brewers or resident wholesale dealers in domestic beers or malt liquors,  *  *  *  a license fee shall be paid." Held, that the fee is required to be paid not only for each agency in the state established by resident brewers, but must also be paid by each resident wholesale dealer in domestic beers or malt liquors.

3.  Same.—Acts 1906, p. 193, chapter 22, subdivision 4, taxing certain occupations, does not include in the general provision enumerating the taxable occupations that of resident wholesale dealer in domestic beers or malt liquors, but it is included in the specific description in a later section.   Held,

Commonwealth v. Nunan.

that the general description yields to the specific one, and the latter section extends the former so as to include such occupation.

N. B. HAYS, Attorney General, C. H. MORRIS and B. A. CRUTCHER, for appellant.

F. H. HAGGARD and J. SMITH HAYS for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE O'REAR—Reversing.

The information filed by the commonwealth attorney in the circuit court charges the defendant with the unlawful sale of beer by wholesale without a license, specifying that he unlawfully and willfully sold by wholesale, in quantities of more than five gallons, domestic beer to John Nunan without a license so to do. A demurrer was sustained to the information, and it was dismissed. The Commonwealth appeals.

By the revenue act of 1906, being chapter 22, p. 188, Acts 1906, it is provided by subdivision 4: "Before engaging in any occupation or selling any article named in this subdivision, the person desiring so to do shall procure license and pay the taxes thereon." A very considerable number of occupations is included, among them that of wholesale liquor dealers. That section reads: "That all corporations, associations, companies, co-partnerships, or individuals, citizens (except distillers sellng straight whiskies or brandies of their own make) of, or residing in this State engaged in the business or occupaton of compounding, rectifying or blending distilled spirits, or selling by wholesale in the usual course of trade distilled spirits, or selling by wholesale compounded, rectified or blended spirits known and desig-

nated as single stamp spirits, shall annually pay to
the State a license therefor. That all foreign cor-
porations, associations, companies, co-partnerships,
or individuals engaged in the business or occupation
of selling by wholesale in this State in the usual
course of trade distilled spirits, or rectified, blended
or compounded spirits known and designated as
single stamp spirits, shall annually pay to the State
a license tax therefor. That all corporations, com-
panies, associations, co-partnerships, or individuals,
citizens of, or residing in this State engaged in
the business or occupation of owning or operating
breweries, shall annually pay a license tax to the
State therefor. That all corporations, companies,
associations, co-partnerships or individuals engaged
in the business of a broker or commission merchant
selling straight whiskey and who do not handle
the same shall annually pay a license therefor to
the State. That all foreign corporations, associa-
tions, companies, co-partnerships or individuals en-
gaged in the business of selling by wholesale in this
State, in the usual course of trade, beers or malted
liquors shall annually pay a license tax to the State
therefor as hereinafter specifically provided for.
That all corporations, associations, companies, co-
partnerships, or individuals, citizens of, or residing
in this State and engaged in the business of selling by
wholesale, in the usual course of trade, wines, ales,
mineral waters or any vinous liquors, shall annually
pay to the State a license tax therefor. That all
foreign corporations, associations, companies, co-
partnerships or individuals, engaged in the business
of selling in this State by wholesale or to jobbers
in the usual course of trade, wines, ales, mineral
waters, or vinous liquors, shall annually pay a license

tax to the State therefor.  The license taxes imposed shall be as follows:'' $100 is imposed upon each resident wholesale dealer of rectified spirits who sells 500 barrels or less in a year; $200 is imposed upon such dealer who sells between 500 and 1,000 barrels in a year; $300 is imposed upon such dealer who sells more than 1,000 barrels.  The same rates are imposed upon foreign wholesale dealers.  The section continues: ''For each brewery in this State, two hundred dollars.  For each agency in this State established by resident brewers or resident wholesale dealers in domestic beer or malted liquors, twenty-five dollars.  For each foreign brewer doing business in this State, two hundred dollars.  For each agency established and operated in this State by a foreign brewer or foreign wholesale dealer or jobber of any foreign beers or malted liquors, twenty-five dollars. For each resident wholesale dealer of wines, ales, or any vinous liquors, two hundred dollars; provided, that in the event a resident wholesale dealer of wines, ales or any vinous liquors, is also a wholesale dealer of rectified, blended or compounded single stamp spirits or of straight distilled spirits, but one license tax shall be paid, and which shall not be less than three hundred and fifty dollars.  For each foreign wholesale dealer or jobber of wines, ales, mineral waters or vinous liquors, two hundred dollars.  For each broker or commission merchant selling straight whiskey, and who do not handle the same, one hundred dollars.''

The reading of these sections discloses that no license is required to be taken out by a wholesale dealer in domestic beer, unless it is in this paragraph: ''For each agency in this State established by resident brewers or resident wholesale dealers in do-

mestic beers or malt liquors, twenty-five dollars.''
When the Legislature has been at so much pains to
elaborate a comprehensive system of license taxation
imposed upon many necessary and probably all un-
necessary business vocations, especially upon all deal-
ers in all kinds of liquors, even down to mineral
waters, it is not probable that they contemplated that
one class of liquor dealers should escape the payment
of such tax. The only class who does escape, if any
does, is the wholesale dealer in domestic beer. There
is no reason apparent, viewed either from the stand-
point of police regulation or revenue raising, why a
wholesale dealer in domestic beer should be exoner-
ated. If the license is exacted as a police measure,
he is apt to do as much mischief in his vocation as
a foreign dealer, or a dealer in foreign-made beer.
If it is viewed from the revenue standpoint, it would
defeat the purpose of the Legislature in a large
measure by exempting such one, because in that
event it would be useless for either foreign or do-
mestic brewers to establish agencies in this State,
and pay the revenue taxes thereupon, when they
could sell their beers to wholesale dealers who would
not have to pay taxes. Manifestly the wholesale
dealer would have a decided advantage over the
brewer in the matter. If a reason can be discovered
for a particular construction of a statute, and espe-
cially of a revenue statute, which construction would
deprive the treasury of revenue, such construction
will be discarded in favor of one that will apply uni-
formly to all persons engaged in the same calling
or business and so as to raise revenue. Reading the
last-quoted paragraph in the light of the foregoing
declaration, we construe that the tax is required to
be paid for each agency in this State by resident

brewers, and is also required to be paid by each resident wholesale dealer in domestic beers or malted liquors. Such is not only the grammatical construction of the sentence quoted, but is more in harmony with the evident purpose of the Legislature in its enactment. The same language as that quoted appears in regulating the tax imposed upon foreign agencies and dealers. The agency referred to applies to the means of distribution adopted by the brewer. The wholesale dealer may sell either domestic or foreign beer without being an agency established for the purpose by the brewer. Nor could it well be said that the agent is a wholesale dealer. The two are mentioned in the disjunctive in the section, indicating that the Legislature had both in mind and intended to tax each. The general provision, it is true, omits resident wholesale dealers from the classes indicated in the section first quoted. But the rule of construction is that general descriptions yield to specific ones. The latter section construed extends the former so as to include wholesale dealers of all kinds of liquors.

In our opinion the information stated a public offense against appellee, and the demurrer should have been overruled.

The judgment is reversed, and cause remanded for proceedings consistent herewith.